IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DEMARCUS D. HEATH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:26CV773 |
| | ) | |
| FONDA ELLISON JONES, et al, | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed and signed by Plaintiff, to permit review. Plaintiff submitted an *in forma pauperis* application but did not use the form approved by this Court for prisoners and did not provide the amount of deposits into his prisoner trust account in the past six months or the balance of that account. The Clerk will provide Plaintiff with the proper form.

2. Plaintiff does not name proper defendants. Plaintiff must name the persons who are actually responsible for the alleged violations of his federal constitutional rights. Plaintiff lists four Defendants in the Complaint but then fails to tie any of the named Defendants to the specific allegations in the Complaint. Plaintiff must set out what each named Defendant did to violate his rights. He also cannot name a person as a Defendant under § 1983 based only on their position as a supervisor because theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)). The Court also notes other issues regarding Plaintiff's claims. One is that he seeks to raise claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), including individual and official capacity claims for damages against state officials. However, individual capacity claims are not available under RLUIPA, see Landor v. Louisiana Dept. of Corr. and Public Safety, 609 U.S. ___, ___ 146 S.Ct. 1931, 1942 (2026), and sovereign immunity bars suits for damages against state employees in their official capacities, see Sossamon v. Texas, 563 U.S. 277, 288 (2011). Plaintiff also apparently intends to raise a free exercise claim under the First Amendment of the United States Constitution. To do so, Plaintiff must allege facts demonstrating that he holds a sincere religious belief and that an action or policy placed a substantial burden on his ability to practice his religion. Wilcox v. Brown, 877 F.3d 161, 168 (4th Cir. 2017). Rather than do this, such as by including facts demonstrating that Defendants' actions caused Plaintiff to modify his behavior or violate his beliefs, see Jehovah v. Clarke, 798 F.3d. 169, 176-79 (4th Cir. 2015), Plaintiff claims only that he needed certain food at a certain general time but did not receive it. He does not allege facts demonstrating that such food is required by his religion or that his inability to obtain it substantially burdened his ability to practice his religion. Instead, he claims only that he did not "enjoy the holy week" and that he "[f]elt

oppressed." (Docket Entry 2, § V.) A lack of enjoyment and hurt feelings do not establish violations of the United States Constitution. The Court is not evaluating the substance of Plaintiff's claims at this time, but if Plaintiff refiles his claims he must fully set out his claims and any supporting facts so that they are clear to the Court and to any Defendants.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 9th day of September, 2026.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**